**ADAMS, J.**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **NICHOLAS C. GEORGALIS,** | ) | **CASE NO. 5:04CV1739** |
| **Plaintiff,** | ) ) ) | |
| | ) | **JUDGE JOHN R. ADAMS** |
| **v.** | ) ) | |
| | ) | **ORDER** |
| **CISCO SYSTEMS, INC.,** | ) | **[Resolving Docs. 17, 21, and 24]** |
| **Defendant.** | ) ) ) | |

This matter comes before the Court on Plaintiff Nicholas C. Georgalis's Motion to Dismiss his Complaint [Doc. 17] without prejudice under Federal Rule of Civil Procedure 41(a)(2). For the reasons stated herein, Plaintiff's Motion to Dismiss is GRANTED IN PART and DENIED IN PART. Specifically, the Court determines that the circumstances of this case warrant dismissal with prejudice, as Plaintiff is not entitled to any relief for alleged infringement of a lapsed patent. Accordingly, Plaintiff shall TAKE NOTICE that the Court intends to dismiss this case with prejudice unless Plaintiff withdraws his Motion to Dismiss in its entirety on or before March 15, 2005.

The Court further ORDERS that, at Defendant's request, Defendant's Counterclaims will be dismissed without prejudice if Plaintiff does not withdraw his Motion to Dismiss on or before March 15, 2005.

## I. LEGAL STANDARD

Rule 41(a)(2) provides, in relevant part, that:

> [e]xcept as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper . . . . *Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice*.

FED. R. CIV. P. 41(a)(2) (emphasis added). Thus, the last sentence of Rule 41(a)(2) implicitly permits the district court to dismiss an action with prejudice in response to a plaintiff's motion to dismiss without prejudice. *U.S. v. One Tract of Real Property together with all Buildings, Improvements, Appurtenances, and Fixtures*, 95 F.3d 422, 425 (6th Cir. 1996) (citing FED. R. CIV. P. 41(a)(2)).

In order to properly dismiss a case with prejudice in response to the plaintiff's request for dismissal without prejudice, the district court must satisfy three conditions. *Id*. First, the district court must give the plaintiff notice of its intent to dismiss with prejudice. *Id*. Second, the plaintiff is entitled to be heard in opposition to dismissal with prejudice. *Id*. Third, the plaintiff must be given an opportunity to withdraw the request for voluntary dismissal and proceed with the litigation. *Id*. This third requirement is essential because, unlike a dismissal without prejudice, a dismissal with prejudice operates as a rejection of the plaintiff's claims on the merits and *res judicata* precludes further litigation. *Id*.

## II. PROCEDURAL HISTORY

Plaintiff filed this case on August 26, 2004. He filed his Motion to Dismiss without prejudice on November 17, 2004. Defendant opposed the motion to the extent that Defendant requested dismissal with prejudice, or, in the alternative, dismissal without prejudice and an award of attorneys' fees and costs [Doc. 21].[1] Plaintiff replied to Defendant's Opposition [Doc. 24]. In his Reply, Plaintiff articulated the reasons

---

[1] Defendant's Opposition purports to be both an Opposition to Plaintiff's Motion to Dismiss without prejudice and a Motion to Dismiss with prejudice. The Court will regard Defendant's filing as a response only, and not a motion. Defendant does not set forth the Rule 12(b)(6) or 12(c) standard anywhere in the

2

why he believes that his Complaint should be dismissed without prejudice and without an award of attorneys' fees and costs. Thus, Plaintiff has been afforded ample opportunity to be heard in opposition to dismissal with prejudice, and his Motion to Dismiss is ripe for review. The Court now turns to a discussion of the relevant facts.

### III. STATEMENT OF FACTS

In this action, Plaintiff seeks to enforce a patent that has been expired for more than eight years. United States Patent No. 4,740,967 (the "'967 Patent") lapsed in 1996 due to Plaintiff's failure to pay maintenance fees. The '967 Patent originally had issued on April 26, 1988, and maintenance fees were due at intervals of three-and-one-half, seven-and-one-half, and eleven-and-one-half years. Because Plaintiff failed to pay maintenance fees within the six-month grace period following the seven-and-one-half year milestone, the '967 Patent expired on April 28, 1996. On August 26, 2004, more than eight years after the expiration of his patent, Plaintiff initiated the instant lawsuit against Defendant. In his Complaint, Plaintiff seeks preliminary and permanent injunctive relief, damages, and royalties in connection with Defendant's alleged infringement of the '967 Patent.

### IV. ANALYSIS

Plaintiff concedes that the '967 Patent expired in April 1996 for failure to pay maintenance fees. As such, whatever monopoly Plaintiff may have possessed under the patent ceased to exist on at that time.

Because the '967 Patent is expired, Plaintiff lacks any basis in the law for relief from alleged infringement of the patent. Accordingly, despite Plaintiff's request for dismissal without prejudice, this

---

Opposition. Accordingly, the Court will not treat the Opposition as a motion brought under Rule 12. Moreover, Rule 41(a)(2) applies to dismissal at the plaintiff's instance; it does not appear to permit a defendant to independently move to dismiss the plaintiff's case.

3

Court may exercise its discretion to dismiss this action with prejudice if Plaintiff chooses not to withdraw his Motion to Dismiss in its entirety by March 15, 2005.

Plaintiff argues that his Complaint should not be dismissed with prejudice because he has petitioned to have the '967 Patent reinstated by the Patent and Trademark Office ("PTO"). Even assuming that the PTO elects to reinstate that '967 Patent, Plaintiff's argument lacks merit.

Plaintiff's speculative hope that the PTO will reinstate the '967 Patent has no legal import for this case. The Patent Act absolves Defendants of liability for alleged acts of infringement of Patent '967 committed from the date that the patent lapsed in 1996 until such future time as a reissue patent is granted.[2] *See* 35 U.S.C. §4(c)(2). To the extent that Plaintiff brings suit for alleged infringement that occurred prior to the lapse of Patent '967 in 1996 (more than eight years ago), his claims are barred by a six-year statute of limitations contained in 35 U.S.C. § 286 (stating that, except as otherwise provided by law, no recovery shall be had for any infringement committed more than six years prior to the filing of the complaint or counterclaim for infringement).

Accordingly, even if the PTO grants a reissue patent on some future date, Plaintiff will never have a cause of action against Defendants for alleged acts of infringement committed between 1988 (when the '967 Patent issued) and the date of reinstatement. As such, dismissal of Plaintiff's Complaint with prejudice

---

[2] The Patent Act provides that, when a patent is reinstated after a lapse, parties who, during the lapse period, "made, purchased, or used" goods that would infringe the reinstated patent are entitled to "continue the use of, or to sell to others" those goods "so made, purchased, or used." *See* 35 U.S.C. § 4(c)(2). The provision is designed to protect the rights of those who, in reliance on the lapse, first took steps to begin making, selling, or using the goods during the lapse period, i.e., after the six-month grace period for non-payment of maintenance fees but prior to reinstatement. *Fonar Corp. v. General Elec. Co.*, 107 F.3d 1543, 1554 (Fed. Cir. 1997).

4

is proper. The Court notes that such a dismissal would not necessarily preclude Plaintiff from bringing certain claims *after* a reissue patent is granted for infringing activity that might occur with respect to goods made, used, or sold *after* the date of reinstatement, if reinstatement is in fact granted.

## V. CONCLUSION

For all of the foregoing reasons, Plaintiff's Complaint will be dismissed with prejudice without further Order unless Plaintiff withdraws his Motion to Dismiss in its entirety on or before March 15, 2005. Further, if Plaintiff does not withdraw his Motion to Dismiss on or before March 15, 2005, Defendant's Counterclaims will be dismissed without prejudice.

IT IS SO ORDERED.

| | |
|---|---|
| March 2, 2005 | /s/ John R. Adams |
| Date | John R. Adams |
| | U.S. District Judge |